8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dean A. NEWLAND, a/k/a Gilligan, Defendant-Appellant.
 No. 93-5143.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-60-F)
 Thomas Peter McNamara, Hafer, McNamara, Caldwell & Carraway, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, J. Douglas McCullough, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dean A. Newland appeals the sentence he received following his guilty plea to conspiracy to possess cocaine and cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1993). He contends that the district court clearly erred in determining that he distributed sixty kilograms of cocaine to co-conspirators and in refusing to depart on the grounds of coercion or duress.[1] We affirm in part and dismiss in part.
 
 
 2
 Newland, a resident of Brooklyn, New York, distributed cocaine to several co-conspirators between March 1990 and November 1991, when conspirators Kevin Corbett and Kevin Woods were arrested in North Carolina. The quantity of cocaine distributed by Newland was a disputed issue at his sentencing hearing. Newland testified that he had distributed less than five kilograms to Mark Marshall, Corbett, Woods, and Styrus Daniels (a courier for Corbett), and had done so only because they threatened to shoot him and harm his mother if he did not comply with their requests for cocaine. He also said he feared they would report him to his employers at Kennedy Airport and cause him to lose his job if he failed to do as they asked. He said he had no other involvement with drugs, and that his initial contact with the conspiracy came when Marshall, whom he barely knew, ordered Newland to obtain drugs for him. Newland said Marshall picked him out because he knew where Newland lived and could thus intimidate him.
 
 
 3
 Newland's psychiatrist, who had begun treating Newland only after his arrest, testified that Newland had an anxiety disorder and a dependent personality disorder which caused him to have an inordinate desire to please.
 
 
 4
 The government's evidence of the amount Newland distributed consisted of information given by Corbett, Woods, and Daniels during interviews with drug task force agents. Two agents testified at the sentencing hearing about the interviews. Woods and Daniels disclosed the amounts they personally got from Newland. Corbett, who was the leader of the operation, estimated that he received a total of sixty kilograms from Newland. The conspirators said they knew Newland only by his nickname, "Gilligan," and contacted him by finding him at a bar. Newland had indeed been arrested only after Woods brought authorities to the bar in Brooklyn and saw Newland getting into his car. His real identity was ascertained by tracing the car license.[2]
 
 
 5
 When the amount of drugs is disputed at sentencing, the government must prove the amount for which the defendant is accountable by a preponderance of the evidence, and the district court must make an independent determination. U.S.S.G. § 6A1.3; United States v. Gilliam, 987 F.2d 1009 (4th Cir. 1993). We review its decision for clear error. United States v. Goff, 907 F.2d 1441 (4th Cir. 1990). The issue in this case became essentially a credibility determination, with the court weighing Newland's testimony against the hearsay evidence of the other conspirators provided through the agents. Hearsay evidence is properly considered during sentencing if it has a minimal indicia of reliability. United States v. Hicks, 948 F.2d 877 (4th Cir. 1991). Because both Corbett and Woods had testified at the trial of a co-conspirator, the district court had already had the opportunity to observe each of them testify under oath. The court ultimately determined that Newland had distributed sixty kilograms of cocaine, the amount Corbett estimated he received from Newland. On the evidence before us, we cannot say that the district court was clearly erroneous in finding that the government had proved this amount by a preponderance of the evidence.
 
 
 6
 We lack jurisdiction to review the district court's decision not to depart for coercion or duress. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 7
 We therefore affirm the judgment of the district court. That portion of the appeal which challenges the district court's decision not to depart for coercion or duress is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, §§ 2D1.1, 5K2.12 (Nov. 1992)
 
 
 [2]
 Corbett did say he had once been to Newland's apartment and might be able to find it